E-FILED; Prince George's Circuit Court
Docket: 3/27/2025 11:03 AM; Submission: 3/27/2025 11:03 AM
Envelope: 20542818

| | | |
|---|---|---|
| **BONITA WASHINGTON**<br>1955 Beecham Court,<br>Bowie, Maryland 20721<br><br>*Plaintiff*<br><br>v.<br><br>**HOME DEPOT U.S.A., INC.**<br>2455 Paces Ferry Road<br>Atlanta, Georgia 30339<br><br>**SERVE ON – Resident Agent**<br>CSC-Lawyers Incorporating Service<br>7 Saint Paul Street, Suite 820<br>Baltimore, Maryland 21202<br><br>*Defendant* | * * * * * * * * * * | **IN THE**<br><br>**CIRCUIT COURT OF MARYLAND** RS<br><br>**FOR**<br><br>**PRINCE GEORGE'S COUNTY**<br><br><br>**Case No:** C-16-CV-25-001650 |

* * * * * * * * * * *

## COMPLAINT

Plaintiff, Bonita Washington, by and through her attorneys, David Daneman, Jacob H. Ziff, and Whiteford, Tayor & Preston, LLP, hereby files this Complaint against Defendant, Home Depot, U.S.A. Inc., and in support thereof states as follows:

## PARTIES

1. Plaintiff, Bonita Washington, ("Ms. Washington") is and was, at all relevant times, a resident of Prince George's County, Maryland.

2. Upon information and belief, Defendant, Home Depot USA, Inc. (the "Defendant"), regularly conducts business throughout the State of Maryland, including but not limited to Store #2555 located at 150 Hampton Park Boulevard, Capitol Heights, Maryland, 20743, in Prince George's County, Maryland.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(b), as the Defendant transacts business in the State of Maryland.

4. Venue is proper pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-202, as this is a tort action based on negligence and it arose in Prince George's County, Maryland. Venue is also proper pursuant to Md. Code Ann., Cts. & Jud. Proc § 6-201, as the Defendant carries on regular business in Prince George's, Maryland.

5. This Court has subject matter jurisdiction pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 1-501 and 4-401, as the amount in controversy exceeds Thirty Thousand Dollars ($30,000.00).

## FACTS

6. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

7. On or about June 29, 2023, Ms. Washington went to The Home Depot, Store #2555, (the "Premises") located at 150 Hampton Park Boulevard, Capitol Heights, MD 20743, to purchase lumber to repair her deck.

8. On or about June 29, 2023, Ms. Washington was a lawful business invitee on the Premises as she was on the Premises in connection with the Defendant's business.

9. While visiting the Premises, Ms. Washington perused the aisles and considered various pieces of wood to determine the appropriate lumber for her deck.

10. Ms. Washington was minding her surroundings, acting with due care, and regard for her own safety, when she stepped on a rusty section of chain-link fence that was protruding out from under one of the sets of shelving.

11. As Ms. Washington stepped onto the rusty section of the protruding chain-link fence, the rusty piece slid out from under her, causing her to slip and fall.

12. While Ms. Washington was falling, she reached her right arm out to brace herself and/or catch her fall. She grabbed a nearby shelf with her right hand, and as she was falling, she felt a sudden pop in her right shoulder.

13. As a result of the fall, Ms. Washington suffered severe injuries, including but not limited to, a tear to her rotator cuff and a partial tear to her bicep tendon.

14. Immediately after the fall, Ms. Washington reported the incident to an employee of the Defendant. The Defendant's Employee apologized and told Ms. Washington that the protruding section of the fence should not have been on the floor. Accordingly, the Defendant knew or should have known of the piece of rusty metal fence and the dangerous condition that it presented.

15. A rusty piece of chain-link fence protruding from beneath a shelf should have been identified and removed by Defendant Home Depot's. Upon information and belief, Plaintiff asserts that Defendant's employees actually knew or should have known that the rusty piece of chain-link fence was improperly located in a walkway creating a dangerous condition with adequate time to remedy the situation and/or warn the public of the dangerous condition. At a minimum, the Defendant was on constructive notice of the dangerous condition with adequate time to remedy the situation and/or warn the public of the dangerous conditions.

16. At all times relevant hereto, the Defendant failed to properly maintain and/or inspect the Premises. Defendant knew or should have known of the dangerous condition and failed to warn and/or failed to correct the dangerous condition. Defendants' failure resulted in a Premises that was unreasonably hazardous.

**COUNT I – NEGLIGENCE (PREMISES LIABILITY)**

17. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

18. The Defendant retained exclusive ownership, possession, control and/or supervision of and over the Premises, including but not limited to the shelving units and floors inside the Premises.

19. The Defendant owed Ms. Washington a duty to use reasonable and ordinary care to keep the Premises safe for business invitees (such as Ms. Washington) and to protect invitees from injury caused by an unreasonable risk which invitees, by exercising ordinary care for the invitee's own safety, would not discover.

20. The Defendant owned the highest duty to Ms. Washington to maintain the Premises in a condition that the public would not be subjected to risks from the physical state of the Premises, and to correct the dangerous or defective condition which it knew or by the exercise of reasonable care should have known to have existed.

21. The Defendant was negligent and careless by failing to exercise due care and caution for the safety of others on their property; failing to maintain a safe environment; failing to properly maintain the Premises in accordance with local, State and Federal law; failing to warn invitees of the unreasonable risk of harm which one could not reasonably have expected; and were otherwise negligent in causing the accident.

22. The Defendant failed to exercise due care and caution for the safety of others on their property by allowing the rusty piece of chain-link fence to protrude from underneath a shelf in a main walking area for an extended period of time without any action to either correcting the dangerous condition or warning invitees of the dangerous condition.

23. The Defendant was further negligent in that, despite having actual and/or constructive notice of the unsafe and unreasonably dangerous condition, the Defendant failed to warn Ms. Washington of the dangerous condition and failed to take proper precautions for the safety of Ms. Washington, thereby causing her to be injured.

24. The Defendant's negligence was the proximate cause of Ms. Washington's serious, painful, and permanent injuries to her right shoulder and arm, including but not limited to a traumatic complete tear of her right rotator cuff, and an injury to her right hand.

25. Ms. Washington underwent medical care and treatment; incurred medical expenses; and incurred other expenses due to her injuries and related physical limitations. Ms. Washington was also forced to lose time from her daily pursuits and activities and pursue physical therapy for a period of time.

26. Ms. Washington's injuries, damages, and losses complained of were caused directly by the negligence of the Defendant, without any negligence on the part of Ms. Washington contributing thereto.

WHEREFORE, Plaintiff, Bonita Washington, hereby demands judgment against Defendant, The Home Depot U.S.A., Inc. in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus all costs.

*/s/ Jacob H. Ziff*
David Daneman (AIS No. 8912180145)
Jacob H. Ziff (AIS No. 2012180013)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
T: (410) 347-8700
F: (410) 339-4056
ddaneman@whitefordlaw.com
jziff@whitefordlaw.com

*Counsel for Plaintiff,*
*Bonita Washington*

**PRAYER FOR JURY TRIAL**

Plaintiff Bonita Washington, by and through her undersigned counsel, hereby requests that the above-captioned matter be tried before a jury.

*/s/ Jacob H. Ziff*
Jacob H. Ziff (AIS No. 2012180013)

4917-4364-0876, v. 2